**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

QUEST LAND DEVELOPMENT LLC,  :
et al.                                            :
                              Plaintiffs,     :
                                                   :
        v.                                      :        No. 06-3042
                                                   :
LOWER HEIDELBURG TOWNSHIP,    :
et al.,                                            :
                              Defendants.    :

**EXPLANATION AND ORDER**

    Plaintiffs Quest Land Development LLC and Glen-Gery Corporation bring this action

under 42 U.S.C. § 1983 and state law against the Lower Heidelburg Township and certain

municipal officials for violations of the Fourteenth Amendment of the United States Constitution

and civil conspiracy under Pennsylvania law.  Before me is defendants' motion to dismiss in part.

    Defendants' motion to dismiss plaintiffs' substantive due process claim, Count II of the

complaint, is denied without prejudice to reassert the same contentions at summary judgment.[1]

---

[1]Defendants argue that plaintiffs are precluded from raising a substantive due process claim in this action because they could have litigated this claim in their land use appeal in the Court of Common Pleas.  Defendants may be correct that plaintiffs could have raised a federal constitutional claim in a land use appeal.  Diversified Health Assoc., Inc. v. Borough of Norristown, No. 00-5702, 2001 WL 632912, at *1, 2001 U.S. Dist. LEXIS 7431, at *4 (E.D. Pa. 2001) (plaintiff raised federal claims in land use appeal to Court of Common Pleas); but see Hankin Family P'ship v. Upper Merion Township, No. 01-1622, 2002 WL 461794, at *7, 2002 U.S. Dist. LEXIS 4987, at *21 (E.D. Pa. 2002) (Zoning Board has no jurisdiction to hear federal constitutional claims, and any appeal to the Court of Common Pleas is similarly limited in subject matter), vacated, in part, by Timoney v. Upper Merion Township, 66 Fed. Appx. 403, 2003 WL 21213332, 2003 U.S. App. LEXIS 10584 (3d Cir. 2003).  Regardless of how the question is resolved, plaintiffs are not precluded from bringing such claims now.  Claim preclusion does not apply when "the remedies sought in the second action could not have been sought in the first action, so long as there was good reason to maintain the first action in a court . . . that could not afford full relief."  Wright, Miller & Cooper, Federal Practice and Procedure

Defendants' motion is granted with respect to plaintiffs' claim for punitive damages. Punitive damages are not available in a suit brought under 42 U.S.C. § 1983 against a municipality.  City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Defendants' motion is also granted with respect to plaintiffs' claims against individual defendants in their official capacities.  These claims are merely another way of asserting claims against the municipality itself.  Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985); Edmundson v. Borough of Kennett Square, 4 F.3d 186, 191 (3d Cir. 1993).  Because plaintiffs have already named the municipality as a defendant, these claims are redundant.  They are also dismissed.

Finally, defendants' motion is granted with respect to plaintiffs' claim for civil conspiracy against individual defendants in their individual capacities.  The statute of limitations for civil conspiracy under Pennsylvania law is two years, and the statutory period runs from each overt act causing damage.  Kost v. Kozakiewicz, 1 F.3d 176, 190-191 (3d Cir. 1993).  Plaintiffs filed their complaint on July 11, 2006, which means the statutory period began two years earlier, on July 11, 2004.  Therefore, the conspiracy claim will be restricted to conduct occurring on or after July

---

Jurisdiction 2d, § 4412 (2002).  Under Pennsylvania law, damages are "probably" unavailable in a land use appeal.  Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 413 (3d Cir. 2005).  Therefore, claim preclusion does not bar plaintiffs' substantive due process claim. The Third Circuit might like to consider certifying this damages question to the Pennsylvania Supreme Court, as civil rights cases arising out of municipal zoning decisions routinely present this question.

This Court also declines to abstain under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971).  (Although neither party raised abstention, courts may consider it sua sponte.  O'Neill v. City of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994)).  The Third Circuit has held that Younger does not apply where the availability of a claim in state court is questionable.  Addiction Specialists, 411 F.3d at 413.

11, 2004.

       **AND NOW**, this __15th __ day of March, 2007, it is **ORDERED** that defendants' motion

to dismiss (Doc. # 7) is **GRANTED** in part and **DENIED** in part.

 

 

_____

      ANITA B. BRODY, J.

 

      Copies **VIA ECF** on _____ to:     Copies **MAILED** on _____ to:

 

O:\ABB 2007\Quest order on motion to dismiss.wpd

3